# United States Court of Appeals for the Federal Circuit

---

**RICHARD D. SIMMONS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1519

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3039, Chief Judge Margaret C. Bartley, Judge Michael P. Allen, Senior Judge Robert N. Davis.

---

Decided: July 17, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ETHAN P. DAVIS, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., BARBARA E. THOMAS; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, CLEVENGER, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Richard D. Simmons appeals a decision from the U.S. Court of Appeals for Veterans Claims (Veterans Court), affirming the decision of the Board of Veterans' Appeals (Board) denying Mr. Simmons's claim for compensation for a service-connected psychiatric disorder. The Veterans Court held that, even though the Board incorrectly stated that the presumptions of soundness and service connection did not apply to Mr. Simmons's claim, that error was harmless because it did not affect the basis of the Board's denial of the claim. On appeal, Mr. Simmons argues that a failure to apply an evidentiary presumption is per se prejudicial. Because we agree with the Veterans Court that the failure to apply the presumptions of soundness and service connection is not per se prejudicial, we affirm.

## BACKGROUND

We begin by discussing the pertinent background law.

### I. Presumptions of Soundness and Service Connection

Veterans are entitled to compensation from the Department of Veterans Affairs (VA) if they develop a disability "resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty." 38 U.S.C. §§ 1110 (wartime service), 1131 (peacetime service). To establish a right to disability benefits, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." *Shedden v. Principi*, 381 F.3d 1163, 1166–67 (Fed. Cir. 2004).

As to the second requirement, whether a disability was incurred or aggravated during service, Congress provided for a special evidentiary rule known as the presumption of soundness, set forth in 38 U.S.C. § 1111 (wartime service):

> For the purposes of section 1110 of this title, every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.

*See also* 38 U.S.C. § 1132 (peacetime service). When no preexisting disorder is noted in the veteran's paperwork upon entry into service, any medical problem arising during service is presumed to have occurred during service. *Holton v. Shinseki*, 557 F.3d 1362, 1367 (Fed. Cir. 2009).

Another statutory presumption relevant to the second requirement is set forth in 38 U.S.C. § 105(a), which creates a presumption that an injury or disease incurred by a veteran during active service was incurred in the line of duty and not caused by any veteran misconduct. 38 U.S.C. § 105(a) states:

> [a]n injury or disease incurred during active military, naval, or air service will be deemed to have been incurred in line of duty and not the result of the veterans own misconduct when the person on whose account benefits are claimed was, at the time the injury was suffered or disease contracted, in active military, naval, or air service, whether on active duty or on authorized leave, unless such injury or disease was a result of the persons own willful misconduct or abuse of alcohol or drugs.

Neither the presumption of soundness nor the presumption of service connection, however, is relevant to the third requirement, in which the veteran must show that the in-service injury or disease is causally related to the veteran's current disability. *Holton*, 557 F.3d at 1367.

## II. Mr. Simmons

Mr. Simmons served in the U.S. Navy from 1968 to January 1970. Throughout his time in service, Mr. Simmons experienced feelings of depression and homesickness. In April 1969, a VA physician diagnosed Mr. Simmons with a laceration of the left wrist and situational depression but no permanent disability. In December 1969, another VA physician diagnosed him with immature personality disorder and recommended he be discharged. Mr. Simmons was discharged the next month.

On September 13, 1972, Mr. Simmons submitted a claim for a non-service-connected pension for polyarthritis. In December 1972, the VA awarded Mr. Simmons the requested non-service-connected pension and rated the polyarthritis claim as similar to rheumatoid arthritis. In June 1974, Mr. Simmons submitted a claim for additional compensation, asserting that his arthritis was service connected and that he also had a nervous condition that justified compensation. J.A. 49. The VA conducted a medical examination, at which Mr. Simmons complained of severe joint pain and nervousness. The VA diagnosed Mr. Simmons with arthritis and a nervous condition with depressive features as a result of said arthritis. J.A. 50. In September 1974, the VA regional office (RO) denied Mr. Simmons's claim for service connection for arthritis and a nervous condition with depressive features; the VA found no evidence that the arthritis stemmed from Mr. Simmons's service and that his nervous condition was a by-product of his non-service-connected arthritis and not causally related to any of his diagnoses in service. J.A. 49.

Because Mr. Simmons never perfected an appeal to the Board, the RO's decision became final.

Over the subsequent years, Mr. Simmons at various points sought to re-open his claims for arthritis and a nervous condition, which the VA denied each time. On December 21, 2005, after having received a total disability rating for an unrelated asbestosis-based claim, Mr. Simmons filed a claim that there was clear and unmistakable error (CUE) in the RO's 1974 rating decision, but only with respect to the denial of service connection for his nervous condition. There, he argued that if the VA had considered the presumptions of soundness and service connection set forth in 38 U.S.C. §§ 105(a) and 1111, respectively, he would have been awarded disability compensation for his nervous condition.

In 2016, the Board denied Mr. Simmons's request for revision of the RO's 1974 decision because it was not a product of CUE, finding instead that Mr. Simmons's current psychiatric disorder was due to his non-service-connected arthritis and not related to any mental health condition suffered in service. Moreover, the Board found that the presumptions of service and soundness in 38 U.S.C. §§ 105(a) and 1111 did not apply.

Mr. Simmons appealed the Board's failure to apply the two presumptions to the Veterans Court. In September 2018, the Veterans Court affirmed the Board's decision and found that although the Board erred in analyzing the two statutory presumptions when it found no CUE in the RO's 1974 decision, that error was harmless because Mr. Simmons's current disability was not causally related to his in-service condition. *Simmons v. Wilkie*, 30 Vet. App. 267 (2018). The Veterans Court explained that, under 38 U.S.C. § 7261(b)(2), it is "statutorily required to consider whether those errors prejudiced him." *Id.* at 2770. It then ruled that the error in this case "is not an inherently

prejudicial error, although it may nevertheless be prejudicial in a particular case." *Id.* at 283.

Mr. Simmons timely appealed to our court in January 2019. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

We review legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

As previously mentioned, the Veterans Court determined that the Board's failure to apply the two presumptions, although incorrect, was harmless because Mr. Simmons failed to prove the third requirement necessary for the receipt of benefits—the so-called "nexus" requirement. *See Holton*, 557 F.3d at 1366. Mr. Simmons asks us to overturn the Veterans Court's decision and apply a per se rule of prejudice when either the RO or the Board fails to apply the two presumptions. For the reasons that follow, we decline to adopt such a rigid, categorical rule.

The Supreme Court's analysis in *Shinseki v. Sanders* guides our ruling in this instance. 556 U.S. 396 (2009). In *Sanders*, the Supreme Court rejected as not "consistent with the statutory demand" this court's prior rule of a presumption of prejudice whenever the VA failed to provide a claimant the notice required by 38 U.S.C. § 5103(a). *Id.* at 406. Instead, under 38 U.S.C. § 7261(b)(2), the Veterans Court must "take due account of the rule of prejudicial error," which "requires the Veterans Court to apply the same kind of harmless-error rule that courts ordinarily apply in civil cases." *Id.* (internal quotations omitted).

In rejecting a per se presumption of prejudice, the Supreme Court explained that this court's per se rule "differ[ed] significantly from the approach courts normally take in ordinary civil cases" in three ways. *Id.* at 407. First, such a rule would require the reviewing court to find

prejudice even if that court conscientiously determined that the error had not affected the outcome. *Id.* Second, the rule placed "an unreasonable evidentiary burden upon the VA." *Id.* at 408–09. Third, a rigid rule requiring the VA to explain why the error is harmless would conflict with Supreme Court precedent placing the burden of establishing prejudice on the party that seeks to have a judgment set aside. *Id.* at 409–10. Thus, when determining whether an error affected the outcome of the case or was harmless, the Court has "warned against courts' determining whether an error is harmless through the use of mandatory presumptions and rigid rules rather than case-specific applications of judgment, based upon examination of the record." *Id.* at 407.

Mr. Simmons's proposed rigid, per se rule is clearly foreclosed by § 7261(b)(2) and the reasoning in *Sanders.* Contrary to Mr. Simmons's view, nothing in *Sanders*'s disapproval of per se rules for harmless error analysis suggests that it is constrained to the context of "notice errors." Likewise, § 7261(b)(2)'s mandate for the Veterans Court to "take due account of the rule of prejudicial error" applies to all cases under the jurisdiction of the Veterans Court and is not limited to notice errors. Mr. Simmons's proposed rule also presents the same three problems the Supreme Court identified in *Sanders.* We therefore hold that a per se rule of prejudice is not appropriate here, for the same reasons that it was not appropriate in *Sanders.*

Such a per se rule of prejudice when the RO or Board fails to apply the two presumptions also would be inconsistent with our case law. We have held that the presumptions of soundness and service connection are not relevant to the third requirement for establishing entitlement to disability benefits—the nexus requirement. *Dye v. Mansfield*, 504 F.3d 1289, 1292 (Fed. Cir. 2007) (stating that the presumption of soundness cannot fill the gap where the veteran failed to show a causal relationship between his in-service and post-service medical problems); *Holton*, 557

F.3d at 1367 (holding that neither the presumption of soundness nor service connection are relevant to the question of whether the in-service injury or disease is causally related to the veteran's current disability). A per se rule of prejudice for failure to apply the two presumptions—which are relevant to the second requirement and not the third, nexus requirement—would also undo any proper VA finding that the claimant had failed to establish a causal nexus. Such an expansion of the effect of these two statutory presumptions would be inconsistent with *Dye* and *Holton*.

Accordingly, we decline to alter the Veterans Court's harmless error framework by adding a per se rule of prejudice with respect to the presumptions of soundness and service connection. Instead, as the Supreme Court has instructed, the Veterans Court should apply the "same kind of harmless-error rule that courts ordinarily apply in civil cases." *Sanders*, 556 U.S. at 406 (internal quotations omitted). Because that is the rule that the Veterans Court applied here when it evaluated whether Mr. Simmons had been prejudiced by the Board's failure to apply the two presumptions in light of the facts and circumstances of the particular case, the Veterans Court correctly followed § 7261(b)(2).

## CONCLUSION

We have considered Mr. Simmons's remaining arguments and find them unpersuasive. Accordingly, the appeal from the final judgment of the Veterans Court is

## AFFIRMED

## COSTS

No costs.