NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**TARRIE RUCKER, SR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2237

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5256, Judge Scott Laurer.

---

Decided:  October 17, 2022

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, for claimant-appellant.

GALINA I. FOMENKOVA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; JULIE HONAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, REYNA, and STOLL, *Circuit Judges.*

PROST, *Circuit Judge.*

Tarrie Rucker, Sr., appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans' Appeals ("Board") decision denying him an earlier effective date for his service-connected depressive disorder.  We affirm.

## BACKGROUND

### I

Mr. Rucker served on active duty in the U.S. Army from January 1980 to March 1990.  In August 2008, Mr. Rucker filed a claim with the Department of Veterans Affairs ("VA") seeking service-connected compensation for, among other things, depression.  In November 2009, a VA regional office ("RO") denied his depression claim but deferred adjudicating a claim concerning a kidney condition.  Then, in September 2010, the RO denied the previously deferred kidney-condition claim (along with a claim concerning lupus, which Mr. Rucker had filed after the November 2009 RO decision).

In October 2010, Mr. Rucker submitted to the VA (1) a Notice of Disagreement ("NOD"), stating that he "disagree[d] with the [VA's] decision dated September 17, 2010," and identifying the issue(s) in disagreement as "Lupus-Kindey [sic] condition," J.A. 74, and (2) a letter that similarly expressed "disagreement on the decision" concerning the "claimed lupus kidney condition," J.A. 71.  Mr. Rucker's October 2010 submission resulted in an April 2012 VA decision awarding service connection for his kidney condition.

On May 8, 2013, Mr. Rucker filed another claim with the VA seeking service-connected compensation for a mental condition.  In July 2017, the VA awarded service

connection for a depressive disorder. And, in a subsequent decision, the VA assigned an effective date of May 8, 2013, for the service-connected depressive disorder.

## II

Mr. Rucker appealed to the Board, seeking an effective date for his service-connected depressive disorder earlier than May 8, 2013. The Board denied an earlier effective date. It first cited the general rule that an effective date for a service-connection award can be no earlier than the date on which the VA received the corresponding claim. J.A. 14–15 (first citing 38 U.S.C. § 5110(a); and then citing 38 C.F.R. § 3.400). The Board then found that, although Mr. Rucker filed a claim concerning depression as early as August 2008, the VA denied that claim in November 2009—and that decision became final after Mr. Rucker failed to appeal it within a year. J.A. 17. Because "[o]nce an [RO] decision becomes final, the earliest effective date of service connection generally is the date of the application to reopen rather than the date of the initial claim," the Board examined whether anything after the November 2009 final decision but before his current effective date of May 8, 2013, could be construed as a claim for service connection. J.A. 17–18. The Board found nothing in that regard; rather, in the Board's view, the May 8, 2013 claim supplying his current effective date was the next communication that could "conceivably" be construed as a claim for his service-connected depressive disorder. *See* J.A. 18. The Board accordingly kept the effective date at May 8, 2013.

Mr. Rucker then appealed to the Veterans Court, arguing that the Board erred by failing to discuss whether his October 2010 submission was a timely NOD with the November 2009 RO decision on the depression claim so as to preclude that decision's finality and potentially support an earlier effective date. But the Veterans Court held that, even "if the Board erred by not providing a more robust

discussion or not addressing the October 2010 submission," J.A. 3, any such error didn't prejudice Mr. Rucker because, "as a matter of law," the October 2010 submission "did not satisfy regulatory requirements for what constitutes [a] NOD," J.A. 5.

The Veterans Court observed that the relevant regulation required that a NOD identify "the specific determinations with which [the claimant] disagrees." J.A. 3 (quoting 38 C.F.R. § 20.201 (2010)). Yet, as the court noted, the October 2010 submission did not specifically identify—or even suggest dissatisfaction or disagreement with—the November 2009 RO decision. Instead, it "clearly identified the *September 2010* [RO] decision"—the one that denied Mr. Rucker's lupus and kidney-condition claims. J.A. 4 (emphasis added). The court also cited the various instances where the October 2010 submission specifically identified the lupus and kidney-condition claims as the relevant issue(s) of disagreement. J.A. 4–5. And it further observed that the submission included medical information "that exclusively addressed lupus and kidney problems." J.A. 5. Given the wording and context of the October 2010 submission, the Veterans Court concluded that the submission "could not support an earlier effective date" for Mr. Rucker's depressive disorder. J.A. 5. Therefore, any Board error in not discussing it wasn't prejudicial. J.A. 5.

Mr. Rucker timely appealed the Veterans Court's decision to this court.

## DISCUSSION

This court has limited jurisdiction to review Veterans Court decisions. We "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). This court does, however, have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." *Id.* § 7292(d)(1).

The Veterans Court must "take due account of the rule of prejudicial error" in reviewing Board decisions. 38 U.S.C. § 7261(b)(2). Mr. Rucker's appeal to this court challenges only the legal standard the Veterans Court used to determine there was no prejudicial error here. We have jurisdiction to address his challenge to that legal standard. *E.g.*, *Slaughter v. McDonough*, 29 F.4th 1351, 1355 (Fed. Cir. 2022). But because he has not demonstrated that the Veterans Court used an incorrect legal standard, we affirm.

Mr. Rucker argues that the Veterans Court applied an "erroneously restrictive standard" in determining there was no prejudicial error here. Appellant's Br. 5. He maintains that, instead of the Veterans Court asking simply whether the alleged Board error *could* have been prejudicial, the Veterans Court improperly took it upon itself to determine that correcting the alleged error *would* not have changed the Board's decision in Mr. Rucker's favor. *See, e.g.*, Appellant's Br. 24–25 ("But for the Board's error, at a bare minimum it *could* have reached a result . . . other than denial. The Veterans Court exceeded its jurisdiction when reviewing not merely whether the Board *could* have reached that different result but, instead, whether in the Veterans Court's own view of the law and facts the Board *would* have done so." (emphasis in original)).

Mr. Rucker is correct that showing prejudice does not require a claimant to establish that, but for the error, the result absolutely *would* have been different. *See Slaughter*, 29 F.4th at 1355 ("[P]rejudice can be shown by demonstrating that the error affected *or could have affected* the outcome of the determination." (emphasis added) (cleaned up) (quoting *Simmons v. Wilkie*, 30 Vet. App. 267, 279 (2018), *aff'd*, 964 F.3d 1381 (Fed. Cir. 2020))); *cf. Shinseki v. Sanders*, 556 U.S. 396, 410–12 (2009) (observing that the burden of showing prejudice is not a "particularly onerous requirement" and identifying a potential factor for

consideration as "an estimation of *the likelihood* that the result would have been different" (emphasis added)).

That said, the Veterans Court may affirm in the face of an error if "the entire record makes evident that the Board *could not* have reached any other decision." *Tadlock v. McDonough*, 5 F.4th 1327, 1337 (Fed. Cir. 2021) (emphasis added); *id.* at 1336 (collecting cases and confirming the Veterans Court's ability to affirm on a ground not considered by the VA or Board "if it is clear that the factual basis for such conclusion is not open to debate and the Board on remand could not have reached any other determination on that issue").

The Veterans Court did just that here. The October 2010 submission was in the record, and it says what it says. The Veterans Court looked to its wording and context, compared it to the relevant regulation's requirements, cited instances of the submission's deficient specificity as to any disagreement with the November 2009 RO decision on Mr. Rucker's depression claim, and ultimately concluded— "as a matter of law"—that it "did not satisfy regulatory requirements for what constitutes [a] NOD." J.A. 4–5. In other words, the Veterans Court considered the October 2010 submission's status as a depression-claim NOD "not open to debate." *See Tadlock*, 5 F.4th at 1336. Indeed, its conclusion makes that understanding clear: "[T]he submission *could not* support an earlier effective date for [Mr. Rucker's] depressive disorder." J.A. 5 (emphasis added).

Accordingly, we see no error in the legal standard the Veterans Court used for assessing prejudicial error.

CONCLUSION

We have considered Mr. Rucker's remaining arguments and find them unpersuasive. Because Mr. Rucker's appeal to this court challenged only the legal standard the Veterans Court used to determine there was no prejudicial

RUCKER v. MCDONOUGH                                          7

error here, and because we see no error in that legal stand-
ard, we affirm.

## AFFIRMED

### COSTS

No costs.