NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT F. FRICK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2278

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-1009, Judge Joseph L. Falvey, Jr.

---

Decided: October 25, 2022

---

AMANDA SUNDAY, GloverLuck, LLP, Dallas, TX, argued for claimant-appellant. Also represented by JULIE L. GLOVER.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

TARANTO, *Circuit Judge.*

In 1961, Robert Frick filed a claim for veteran's disability benefits with a regional office of the agency now called the Department of Veterans Affairs (VA), alleging that he had disability-causing recurrent shoulder dislocations connected to his military service. The regional office denied Mr. Frick's claim in a final rating decision in 1961. In May 2018, however, VA's Board of Veterans' Appeals reopened Mr. Frick's claim based on new and material evidence and found his identified shoulder conditions to be service connected. Implementing the Board's May 2018 decision, VA awarded him benefits for his shoulder disabilities with an effective date of January 30, 2014, the day he filed his successful request to reopen his claim.

Mr. Frick appealed that effective-date ruling to the Board, seeking an earlier effective date back to 1961 on the ground that the 1961 rating decision was based on clear and unmistakable error (CUE). Understanding Mr. Frick's CUE claim to allege that VA, in 1961, erroneously denied him a statutory presumption of soundness, *see* 38 U.S.C. § 1111 (current version), the Board found no such error—specifically, no CUE in VA's 1961 ruling that his benefits claim failed under that presumption's element addressing aggravation of a preexisting condition. Mr. Frick appealed to the Court of Appeals for Veterans Claims (Veterans Court), where he did not urge a Board error regarding the presumption of soundness but, instead, contended that the Board erroneously failed to consider a CUE claim based on the presumption of aggravation, *see* 38 U.S.C. § 1153 (current version), which he said he had raised to the Board. The Veterans Court affirmed the Board's decision,

concluding that the Board's ruling on the aggravation element of the presumption of soundness effectively disposed of any CUE claim based on the presumption of aggravation. *Frick v. McDonough*, No. 20-1009, 2021 WL 2149678 (Vet. App. May 27, 2021).

Mr. Frick appeals to this court. The Veterans Court's decision raises questions of law regarding both that court's jurisdiction over and the merits of a CUE claim by Mr. Frick invoking the presumption of aggravation. Because the Veterans Court decision may well have relied on legal error in one or both respects, we vacate the decision insofar as it decided a CUE claim invoking the presumption of aggravation, and we remand to the Veterans Court for consideration of its jurisdiction over such a claim and, if it properly finds jurisdiction, for reconsideration of that claim. No other challenge being presented, we otherwise affirm the decision of the Veterans Court.

## I

### A

Mr. Frick served in the United States Army from February to September 1961. Before entering service, Mr. Frick suffered from recurrent shoulder dislocations, and in the summer of 1960, he had surgery to repair his right and left shoulders. In the months after the surgery, but before entering service, Mr. Frick continued to experience shoulder difficulties and received an injection to help manage his shoulder pain. In his service entrance examination report, the examiner stated that Mr. Frick underwent bilateral corrective surgery to treat his shoulder dislocations.

While in service, Mr. Frick repeatedly reported chronic shoulder dislocations, and he had several medical examinations. Notes from the examinations report Mr. Frick's pre-service chronic bilateral shoulder dislocations and corrective surgery, indicating that Mr. Frick's recurrent shoulder dislocations pre-dated duty. J.A. 35 (noting that

the dislocations existed prior to service, "EPTS," and did not originate in the line of duty, "LOD"); J.A. 40 (same).  In August 1961, Mr. Frick was hospitalized for further evaluation of his shoulder dislocations, and the medical examiner noted that Mr. Frick's shoulder condition "existed prior to service and . . . had not been service aggravated" and recommended that Mr. Frick be separated from service.  J.A. 41.  On September 11, 1961, a military medical board determined that Mr. Frick's shoulder condition existed before service, was not incurred in the line of duty, and was not aggravated in service; it recommended Mr. Frick's separation from the Army; and Mr. Frick was then honorably discharged.

In October 1961, Mr. Frick filed a claim with the local VA regional office, seeking wartime-service-based disability benefits under 38 U.S.C. § 310 (now 38 U.S.C. § 1110), alleging that his shoulder conditions were disabling and had been aggravated in service.  On December 8, 1961, the regional office denied his claim.  It found that, before his Army service, Mr. Frick had continuing severe shoulder pain even after his corrective surgery in 1960, necessitating an injection for pain management; his shoulder disabilities were "noted at induction"; and he spent a "considerable part" of his service on restricted duty and in the hospital (nearly half of his eight months in service).  J.A. 54–55.  The regional office concluded that, in light of Mr. Frick's pre-enlistment shoulder difficulties and his brief time in service (the records from which did not indicate new events producing injury), Mr. Frick's shoulder dislocations were "not permanently aggravated by service."  J.A. 56.  Mr. Frick did not appeal the 1961 rating decision, so it became final.

B

After four times attempting without success to reopen his rejected 1961 claim, Mr. Frick filed a request to reopen his claim on January 30, 2014, in which, for the first time,

he alleged that he was attacked by another soldier while in service and that the ensuing altercation aggravated his shoulder dislocations. Based on this new and material evidence, the Board eventually reopened Mr. Frick's claim and found that Mr. Frick's shoulder disabilities were connected to his service. *BVA 18-27104*, Docket No. 14-45 421, 2018 BVA LEXIS 78703 (May 1, 2018). VA's Appeals Management Center then implemented the Board's decision by assigning an effective date of January 30, 2014—the date Mr. Frick filed the successful request to reopen his claim.

Mr. Frick appealed to the Board, arguing that the 1961 rating decision was based on CUE, so that he was entitled to an effective date of October 2, 1961—when he filed the claim rejected in the 1961 rating decision. *See* 38 U.S.C. § 5109A; *Ortiz v. McDonough*, 6 F.4th 1267, 1270 (Fed. Cir. 2021). In particular, he argued that the 1961 decision contained CUE in failing properly to apply the statutory presumption of soundness. The relied-on statute said in 1961:

> For the purposes of section 310 of this title, every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.

38 U.S.C. § 311 (1958), now codified as 38 U.S.C. § 1111, without change except that "310" is now "1110." As the Supreme Court described the statute (governing wartime service), "[i]f a veteran's disability was not noted at the time of entry into service, then the veteran is presumptively entitled to benefits unless the VA shows by a heightened burden of proof that the disability 'existed before . . . and was not aggravated by such service.'" *George v. McDonough*, 142 S. Ct. 1953, 1957 (2022) (citing 38 U.S.C. § 1111); *see*

*also George v. McDonough*, 991 F.3d 1227, 1229 (Fed. Cir. 2021), *aff'd*, 142 S. Ct. 1953 (2022). Here, before the Board, Mr. Frick argued that no preexisting disability was noted in his service entrance exam, so he was entitled to the presumption of soundness in 1961. Mr. Frick further argued that there was a double failure of rebuttal of the presumption—no clear and unmistakable evidence that his shoulder condition preexisted service *and* no clear and unmistakable evidence that the condition was not aggravated by service.[1]

On January 8, 2020, the Board rejected Mr. Frick's CUE claim. The Board observed that VA, in 1961, "did not explicitly address or explain that the presumption of soundness did not attach" to the claim before it. J.A. 82. But, noting that a regional office at the time did not have to provide a statement of reasons or bases for its decisions, the Board reasoned that VA in 1961 did say "that the condition was a defect noted at induction, existed prior to service, and was not aggravated by service (which does speak to the presumption of soundness)," a discussion that, the Board concluded, made it "not clear" that VA in 1961 "did not consider the presumption of soundness." J.A. 83. The Board concluded that "[a] review of the evidence available at that time confirms that [it] was an accurate finding" that "there was no aggravation of the pre-existing shoulder condition." J.A. 82; *see* J.A. 83 (same). Accordingly, the Board

---

[1]    Mr. Frick based his argument on the no-aggravation component of the statutory rebuttal standard, not on the implementing regulations, which changed over time. *See George*, 991 F.3d at 1230. As discussed *infra*, the parties dispute whether Mr. Frick also fairly presented to the Board a CUE claim invoking the separate statutory presumption of aggravation, 38 U.S.C. § 1153 (formerly § 353), a dispute we leave for the Veterans Court to resolve on remand.

could not "find that there is an error that is undebatable or of the sort which had it not been made, would have manifestly changed the outcome at the time it was made," *i.e.*, could not find CUE.  J.A. 83 (internal quotation marks omitted).

C

In September 2020, Mr. Frick appealed the Board's decision to the Veterans Court.  He argued that the Board misapplied the law in concluding that the presumption of soundness did not attach and, also, in determining that there was no aggravation of Mr. Frick's shoulder condition under the separate statutory presumption of aggravation prescribed by 38 U.S.C. § 353 (1958), which is now codified, without substantive change, at 38 U.S.C. § 1153, and in 1961 stated: "A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease."[2]  The Veterans Court initially affirmed the January 2020 Board decision.  J.A. 113–22.

Mr. Frick then filed a motion for reconsideration, now focusing on the presumption of aggravation stated in 38 U.S.C. § 1153.  He argued that "once the Board determined that the 1961 [regional office] did not err in determining that he had a preexisting condition noted upon entry, [the Board] was required to determine if the [regional office] properly applied 38 U.S.C. § 1153 (formerly 38 U.S.C.

---

[2]    The current statute reads: "A preexisting injury or disease will be considered to have been aggravated by active military, naval, air, or space service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease."  38 U.S.C. § 1153.

§ 353)," specifically, "whether there was CUE in the 1961 [regional office's] determination that Mr. Frick's shoulder condition did not increase in disability during service or that any increase was due to the 'natural progress' of the disease or injury." J.A. 124. Mr. Frick emphasized that "[s]ection 1153 involves a wholly separate analysis from the aggravation prong in section 1111," which the Board failed to recognize, producing an inadequate Board analysis of the presumption of aggravation. J.A. 124.

On May 27, 2021, the Veterans Court withdrew its initial decision and, on reconsidering the matter, still affirmed the January 2020 Board decision. *Frick*, 2021 WL 2149678. With respect to the presumption-of-aggravation issue raised by Mr. Frick on reconsideration, the court reasoned that "although the Board does not specify whether its [finding of no aggravation] applied to either the presumption of soundness analysis under § 311 or the presumption of aggravation analysis under § 353, the same evidence weighs against both the second prong of the presumption of soundness analysis and the showing of aggravation by the veteran under § 353." *Id.* at \*8. Based on that determination, the court concluded that "the Board's failure to distinguish between" the two presumptions was "harmless error." *Id.* at \*9.

Mr. Frick timely appealed.

II

Mr. Frick challenges the Veterans Court's affirmance of the Board's decision, but not insofar as the Veterans Court affirmed the Board's rejection of a CUE claim based on 38 U.S.C. § 1111, the presumption of soundness. Mr. Frick limits his appeal to challenging the Veterans Court's affirmance of the Board insofar as that affirmance was of a Board rejection of Mr. Frick's CUE claim based on § 1153, the presumption of aggravation. He argues that the Veterans Court committed errors of law—misinterpreting 38 U.S.C. §§ 1111 and 1153 and its own authority to make

factual findings—and that, under the correct legal standards, the Veterans Court was required to remand his CUE claim based on § 1153 (the presumption of aggravation) to the Board for a more direct and fuller consideration than the Board provided.

This court has jurisdiction to review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."   38 U.S.C. § 7292(a).   Where, as here, no constitutional issue is presented, we lack jurisdiction to review the Veterans Court's factual determinations or application of law to the facts of a particular case.  *Id.* § 7292(d)(2).

Here, considering Mr. Frick's challenges, we conclude that the Veterans Court's decision may well rest on legal errors of two types—concerning that court's jurisdiction and concerning the court's conclusion that the rejection of the § 1111 CUE claim necessarily defeated a § 1153 CUE claim.  We vacate the Veterans Court decision insofar as it decided a § 1153 CUE claim, and we remand for further proceedings on that issue. *See Colantonio v. Shinseki*, 606 F.3d 1378, 1382 (Fed. Cir. 2010) (vacating and remanding where the Veterans Court may have applied an erroneous interpretation of the law).  We otherwise affirm, no other aspect of the Veterans Court decision being challenged in this appeal.

## A

In his appeal here, Mr. Frick proceeds on the premise that he in fact raised to the Board a CUE claim based on the presumption of aggravation.  That premise implicates the Veterans Court's own jurisdiction.  And the Veterans Court did not decide whether he had actually raised such a claim to the Board.

The Veterans Court has jurisdiction under 38 U.S.C. § 7252(a) only "to review decisions of the Board of Veterans' Appeals." "[I]n order to invoke the Veterans Court's jurisdiction, the veteran's appeal must challenge a 'decision' of the Board 'with respect to the benefit sought by the veteran.'" *Andre v. Principi*, 301 F.3d 1354, 1359 (Fed. Cir. 2002) (quoting *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000)). We have long held that the Veterans Court, under this provision, cannot exercise jurisdiction over a claim that was never presented to or decided by the Board, *id.* at 1361—though the jurisdictional bar does not preclude considering new arguments in support of a claim that was before the Board, *Maggitt*, 202 F.3d at 1377. And we have also held, more particularly for the CUE context, that "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it," as each "assertion of a particular [CUE] . . . constitutes a distinct claim." *Andre*, 301 F.3d at 1361.

It is undisputed before us that a claim of CUE respecting the presumption of aggravation, under § 1153, is a different "claim" from a claim of CUE respecting the presumption of soundness, under § 1111. The Veterans Court did not say otherwise. Mr. Frick himself insisted to the Veterans Court, when seeking reconsideration of the initial affirmance, that § 1153 and § 1111 present distinct legal questions. *See* J.A. 124.

Yet we see no clear determination by the Veterans Court that Mr. Frick's presumption-of-aggravation CUE claim was actually presented to or decided by the Board. It would be a legal error to assume jurisdiction over such a claim without such a determination. The parties dispute the answer to that question. For example, each side points to passages in Mr. Frick's brief to the Board and argues about their proper interpretation. *See* Mr. Frick's Opening Br. at 9 (citing Mr. Frick's brief to the Board and its argument discussing aggravation using the language of § 353,);

Oral Arg. at 34:30–35:07, 36:26–37:47 (same); Secretary's Response Br. at 24 (citing Mr. Frick's brief to the Board and its assertion that it would be "incorrect" to characterize Mr. Frick's claim "as a claim for aggravation of a preexisting disability under 38 U.S.C. § 1153"). Moreover, the Board's decision, in the section on the "CUE argument," cites § 311 and § 1111 (the presumption of soundness) but not § 353 and § 1153. J.A. 79–83. The correct determination on the jurisdictional issue is not self-evident, and whether Mr. Frick raised a § 1153 CUE claim to the Board requires "a factual determination, outside the purview of our appellate authority." *Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009); *see Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) (same).

Accordingly, we vacate the Veterans Court decision, insofar as it ruled on a § 1153 CUE claim, and remand the case for the Veterans Court to consider its jurisdiction to address a § 1153 CUE claim in this case. If the Veterans Court concludes that it lacks jurisdiction over a presumption-of-aggravation CUE claim, that claim remains available for Mr. Frick to assert in a separate proceeding. *See* 38 U.S.C. § 5109A(d); *Andre*, 301 F.3d at 1362 ("A claimant . . . may present a novel allegation that the [regional office] committed CUE 'at any time,' irrespective of whether the Veterans Court has jurisdiction to consider the newly-raised allegation in the first instance." (quoting 38 U.S.C. § 5109A(d))).

B

The Veterans Court's rejection of Mr. Frick's presumption-of-aggravation CUE claim (raised to it on reconsideration) also raises non-jurisdictional legal issues, which we briefly address because the issues may arise on remand. The presumption of soundness (§ 1111) and the presumption aggravation (§ 1153) are distinct, including with regard to who carries particular burdens regarding issues of in-service aggravation that may arise in applying either

presumption.  We have summarized: For § 1111, "[w]hen no preexisting condition is noted upon entry into service, the veteran is presumed to have been sound upon entry," and the burden falls to the government to rebut the presumption of soundness, a rebuttal that requires a non-aggravation showing; for § 1153, "if a preexisting disorder is noted upon entry into service, . . . the burden falls on the veteran to establish aggravation," and if the veteran does so, the presumption of aggravation arises and "the burden shifts to the government to show a lack of aggravation." *Wagner v. Principi*, 370 F.3d 1089, 1096 (Fed. Cir. 2004). We have specifically noted the bearing that determinations on aggravation in one context can have in the other. *Id.*

The Veterans Court concluded that the Board's finding of no aggravation in its § 1111 CUE analysis also supported a denial of a § 1153 CUE claim.  But for that conclusion to be tested for any legal error, more detailed analysis than is present in the Veterans Court decision is warranted, taking more explicit and step-by-step account of, *e.g.*, the precise aggravation issues, the assignments of burdens of production or persuasion, the requirements of the CUE standard, and any difference in VA regulations applicable in 1961 properly raised and argued.  Moreover, in stating that the absence of express discussion by the Board of a § 1153 CUE claim regarding the 1961 rating was "harmless error" in light of the Board's rejection of the § 1111 CUE claim, *Frick*, 2021 WL 2149678, at *9, the Veterans Court said that "the same evidence" supporting the § 1111 ruling "weighs against" a § 1153 ruling for Mr. Frick, *id.* at *8. But "weighs against" as a standard does not match the harmless-error standard, under which prejudice—the opposite of harmlessness—"can be shown by demonstrating that the error . . . affected or could have affected the outcome." *Slaughter v. McDonough*, 29 F.4th 1351, 1355 (Fed. Cir. 2022) (internal quotation marks omitted) (quoting *Simmons v. Wilkie*, 30 Vet. App. 267, 279 (Vet. App. 2018), *aff'd*, 964 F.3d 1381 (Fed. Cir. 2020)).  Where harmless-

error standards are not met, and facts must be found, the task is not for the Veterans Court, which may not engage in "de novo fact-finding." *Tadlock v. McDonough*, 5 F.4th 1327, 1333 (Fed. Cir. 2021) ("Congress expressly limited the Veterans Court's jurisdiction to exclude de novo fact-finding."); *see also ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 283 (1987) (noting general bar on courts, in reviewing agency decisions, making determinations of fact or exercising discretion reserved to the agency within the bounds enforced by judicial review).

On remand, if the Veterans Court concludes that it has jurisdiction to address a § 1153 CUE claim here, it should reconsider the claim on the merits, including whether additional fact-finding by the Board is needed.

## III

For the foregoing reasons, we vacate the Veterans Court decision insofar as it decided a § 1153 CUE claim, we otherwise affirm, and we remand for further proceedings consistent with this opinion.

The parties shall bear their own costs.

**AFFIRMED IN PART AND VACATED IN PART,
AND REMANDED**