NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY A. MOORE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1939

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2507, Judge Coral Wong Pietsch.

---

Decided:  February 9, 2026

---

JEFFREY A. MOORE, Algona, IA, pro se.

LAUREL DON HAVENS, III, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, DAVID HARMANTAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before REYNA, SCHALL, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## DECISION

Jeffrey A. Moore appeals the May 22, 2025 memorandum decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Moore v. Collins*, No. 24-2507, S. App. 1.[1]  In that decision, the Veterans Court affirmed the March 29, 2024 order of the Board of Veterans' Appeals ("Board") that denied Mr. Moore's claims for Department of Veterans Affairs ("VA") disability benefits and total disability based on individual unemployability ("TDIU").  S. App. 12.  For the reasons set forth below, we *dismiss* Mr. Moore's appeal for lack of jurisdiction.

## DISCUSSION

### I

Mr. Moore honorably served in the United States Army from June 1978 to December 1981.  S. App. 1.  In January 2018, he was diagnosed with "bilateral hip degenerative changes."  S. App. 2.  Thereafter he filed with the VA claims for disability benefits and TDIU for bilateral hip arthritis and right hip osteonecrosis.  *Id.*  A VA Regional Office denied the claims after determining that the evidence did not show that Mr. Moore's disabilities occurred during, or were aggravated by, his military service.  *Id.*; *see* 38 U.S.C. §§ 1110, 1131; *Simmons v. Wilkie*, 964 F.3d 1381, 1383 (Fed. Cir. 2020) ("To establish a right to disability benefits, a veteran must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present

———————————

[1]    "S. App." refers to the Supplemental Appendix attached to Appellee's Informal Brief.

disability and the disease or injury incurred or aggravated during service.'" (quoting *Shedden v. Principi*, 381 F.3d 1163, 1166–67 (Fed. Cir. 2004))).

Mr. Moore appealed to the Board. Eventually, following a remand for the VA to obtain additional records and provide Mr. Moore with a medical examination, the Board, in its March 2024 decision, denied Mr. Moore's claims. In its decision, the Board determined that there was no evidence showing a nexus between Mr. Moore's service in the Army and his current disability. S. App. 17–18. In its May 2025 decision, the Veterans Court affirmed the Board's decision. S. App. 11. This appeal followed.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

## III

On appeal Mr. Moore does not argue that the Veterans Court misinterpreted a statute or regulation. Appellant's Opening Br. 1. Neither does he raise a constitutional issue. *Id.* at 2. Rather, he contends that, contrary to the findings of the VA, the evidence in fact shows a nexus between his service and his hip condition. Appellant's Reply Br. 4–6.[2] In other words, Mr. Moore challenges the factual

---

[2]    Our citation to Mr. Moore's brief refers to the page numbers generated by this court's CM/ECF system.

determinations underlying the denial of his claims. Clearly, this is an argument outside the scope of our jurisdiction.  We thus must dismiss his appeal.

### CONCLUSION

For the foregoing reasons, we dismiss Mr. Moore's appeal for lack of jurisdiction.

### **DISMISSED**

### COSTS

No costs.